■ MARK BRILLIANT, Respondent, v DCVM REALTY, Appellant. (And a Third-Party Action.) [725 NYS2d 372] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 1, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, Mark Brilliant, claims that he was injured by a defective condition at the premises owned by the defendant, DCVM Realty, and leased to his employer. The alleged defective condition consisted of an air-conditioning unit installed at eye level which protruded from the side of the premises. The plaintiff allegedly banged his head when he walked into the unit. The air conditioner was installed by the plaintiff's employer after it took possession of the premises pursuant to a written lease.

A landlord may be liable for injuries caused by a dangerous or defective condition on leased premises if he or she has contracted by a covenant in the lease to be responsible for repairs, if performance of the covenant would have prevented an unreasonable risk of harm to persons upon the leasehold, and if the lessor failed to exercise reasonable care to perform his obligations under the lease (*see, Putnam v Stout,* 38 NY2d 607). The subject lease required the tenant to repair and maintain the air-conditioning units. The tenant installed the subject unit after taking possession of the premises. Since the tenant assumed responsibility for maintenance of the air-conditioning unit, the tenant is solely responsible to maintain that area (*see, Lerner v City of New Rochelle,* 181 AD2d 867).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.